UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ACQUINETTA LUMZY,

    Plaintiff,

v.                                            Case No. 3:23cv22581-TKW-HTC

JOHN DOES 1-19 and
JANE DOES 20-21,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's response, ECF Doc. 7, to the September 22, 2023 Order to show cause, ECF Doc. 6. After reviewing the response, the undersigned concludes this case should be dismissed without prejudice due to Plaintiff's failure to comply with an order of the Court. Specifically, Plaintiff has failed to submit a complaint which contains any facts, including facts which would establish the Court has jurisdiction over this case.

On August 23, 2023, Plaintiff submitted a document which is purportedly a civil rights complaint, ECF Doc. 1, and a motion to proceed *in forma pauperis*, ECF Doc. 2. The Court deferred taking any action on the motion to proceed *in forma pauperis* and, in an order dated August 31, 2023, informed Plaintiff the "complaint" was deficient in multiple ways:

> First, all the Defendants are identified as John or Jane Does. However, fictitious-party pleading is generally not permitted in federal court, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), unless the description of the defendant is sufficiently clear to allow for service of process, *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Because the complaint contains no details regarding any of the Defendants, it is deficient.
>
> Second, in the Statement of Facts, Statement of Claims, and Relief Requested sections of the complaint form, Plaintiff provided no information and simply wrote "will be submitted at a later date." ECF Doc. 1 at 4-6. But Rule 8 mandates that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation omitted). Because Plaintiff's complaint contains no such information, the Court cannot determine whether it states a viable claim for relief or whether the Court has jurisdiction over this case. *See Radin v. Jersey City Med. Ctr.*, 375 F. App'x 205, 206 (3d Cir. 2010) (affirming dismissal of deficient complaint and finding "no legal authority that allows a plaintiff to file a blank document as a proxy or placeholder" for a complaint that complies with Rule 8).

ECF Doc. 4 at 1-2.

Thus, the August 31 Order directed Plaintiff to, within twenty-one days, file either a notice of voluntary dismissal or an amended complaint which addressed the identified deficiencies. *Id.* at 2-3. Rather than complying with the August 31 Order, Plaintiff filed a motion for extension of time on September 21, 2023; the motion contained no basis for the requested extension, no proposed date for the extension, and simply asked the Court "to extend the time to what the court deems as

necessary." ECF Doc. 5. Based on Plaintiff's failure to provide any basis for the requested extension, the Court deemed no extension was necessary and denied the motion on September 22, 2023. ECF Doc. 6. The Court also ordered Plaintiff to show cause within fourteen days why this case should not be dismissed. *Id.*

Plaintiff's response to the show cause order, dated October 5, 2023, asks the Court to discharge the show cause order and asserts she did not file the amended complaint "because her daughter was in an auto accident on September 16, 2023, [and] due to the severity of the accident [she] focused on the well-being of [her] daughter." ECF Doc. 7.

The undersigned finds Plaintiff's response does not provide a basis for giving her more time to submit an amended complaint. While Plaintiff says she "focused on the well-being" of her daughter after the accident on September 16, she does not describe what that entailed.[1] In addition, she does not explain what she did to submit the amended complaint before September 16. Notably, the Court has not asked Plaintiff to hunt down hard-to-uncover details of her case or navigate complex areas of the law. Instead, the Court has simply asked Plaintiff to submit a complaint which identifies who she is suing, why she is suing them, and what laws she thinks they violated. It has been over forty-five days since Plaintiff initiated this case and, due

---

[1] The September 16 accident was not mentioned in Plaintiff's September 21 motion for extension of time.

to her failure to submit an amended complaint, it is still entirely unclear what the case is about or whether this Court has jurisdiction over it. The undersigned will not allow the case to languish on the docket. Thus, it should be dismissed without prejudice due to Plaintiff's failure to comply with the order to submit an amended complaint. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to comply with an order of the Court.

2. That all pending motions be denied as MOOT.

3. That the clerk close the file.

At Pensacola, Florida, this 10th day of October, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:23cv22581-TKW-HTC